UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 0:21-cv-61516-RKA

ALAIN YVANES,

    Plaintiff,

v.

DYNAMIC RECOVERY SOLUTIONS LLC,

    Defendant.

_____/

## JOINT MOTION TO CONSOLIDATE RELATED ACTIONS

Pursuant to Federal Rule of Civil Procedure 42(a), Plaintiff Alain Yvanes and Defendant Dynamic Recovery Solutions LLC (collectively, the "Parties") submit this Joint Motion to Consolidate the below-identified six (6) cases *into* the above-captioned action.

### POSTURE & BACKGROUND

1. The above-captioned case (the "*Yvanes Case*") was filed against Defendant Dynamic Recovery Solutions LLC ("Defendant") on June 13, 2021, in Broward County Court, *Case COCE-21-033453*, and timely removed to this Court by Defendant on July 23, 2021.

2. The *Yvanes Case*, in comparison to the below identified cases, represents the earliest filed case with the lowest assigned case number.

3. The first related case is Johanna Ramlochan v. Dynamic Recovery Solutions LLC, *Case 0:21-cv-61524-WPD*, (the "*Ramlochan Case*"), of which was first docketed in the Southern District of Florida on July 26, 2021.

4. The second related case is Virginia Ayala v. Dynamic Recovery Solutions LLC, *Case 0:21-cv-61525-RS*, (the "*Ayala Case*"), of which was first docketed in the Southern District of Florida on July 26, 2021.

5. The third related case is <u>Christina Avila v. Dynamic Recovery Solutions LLC</u>, *Case 1:21-cv-23273-RNS*, (the "*Avila Case*"), of which was first docketed in the Southern District of Florida on September 10, 2021.

6. The fourth related case is <u>Reyna Olivas v. Dynamic Recovery Solutions LLC</u>, *Case 1:21-cv-23277-JEM*, (the "*Olivas Case*"), of which was first docketed in the Southern District of Florida on September 10, 2021.

7. The fifth related case is <u>Junior Dieurestil v. Dynamic Recovery Solutions LLC</u>, *Case [0:21-cv-62121-DPG]*, (the "*Dieurestil Case*"), of which was first docketed in the Southern District of Florida on October 12, 2021.

8. The sixth related case is <u>Ana Rodriguez v. Dynamic Recovery Solutions LLC</u>, *Case [1:21-cv-23579-KMW]*, (the "*Rodriguez Case*"), of which was first docketed in the Southern District of Florida on October 12, 2021.

9. The *Yvanes Case*, the *Ramlochan Case*, the *Ayala Case*, the *Avila Case*, the *Olivas Case,* the *Dieurestil Case,* and the *Rodriguez Case* (collectively, the "Related Cases") each allege that Defendant unlawfully transmitted the respective plaintiff's information to a third-party in violation of 15 U.S.C. § 1692c(b).

10. Each of the Related Cases involve common questions of law and fact, with the seminal inquiry being whether the transmission of the respective plaintiff's information to a third party was a "communication" within the scope of 15 U.S.C. § 1692a(2).

11. In each of the Related Cases, the named plaintiffs are represented by the undersigned counsel.

12. In each of the Related Cases, Defendant is represented by the undersigned counsel.

## STANDARD OF REVIEW

13. Rule 42(a) of the Federal Rules of Civil Procedure states that "[i]f actions before the court involve a common question of law or fact, the court may: (a) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). It is well-settled that Rule 42 "is a codification of a trial court's inherent managerial power 'to control the disposition of the causes on its dockets with economy of time and effort for itself, for counsel, and for litigants.'" Hendrix v. Raybestos-Manhattan, Inc., 776 F.2d 1492, 1495 (11th Cir. 1985) (*citing* In re Air Crash Disaster at Fla. Everglades, 549 F.2d 1006, 1012 (5th Cir. 1977)).

14. Courts in this District have recognized that consolidation "benefit[s] the court and the parties by expediting pretrial proceedings, reducing case duplication, and minimizing the expenditure of time and money by all persons concerned." Coleman Clearing Corp. v. Gurian (In re Adler), 2008 U.S. Dist. Lexis 30521, at *1 (S.D. Fla. April 10, 2008). Thus, where – as here – "the complaints present similar claims for relief based upon a single course of conduct," consolidation is appropriate since it "promotes judicial economy by streamlining and simplifying pre-trial and discovery issues." Id; Newman v. Eagle Bldg. Techs., 209 F.R.D. 499, 501502 (S.D. Fla. July 31, 2002) (finding that class actions were "ideally situated for consolidation" since they were "based upon a single course of conduct" and consolidation would therefore "promote judicial economy by streamlining and simplifying pre-trial, discovery and class certification issues, and by reducing waste, confusion, and delay that would result from multiple trials.").

## CONSOLIDATION OF THE "RELATED CASES" IS APPROPRIATE

15. In the Related Cases, each of the plaintiffs allege that Defendant "transmitted Plaintiff's personal information to a third-party,"[1] "of whom Defendant transmitted Plaintiff's personal information to, compiled [the plaintiff's] personal information and prepared a letter that was to be sent to [the plaintiff] in an attempt to collect the [underlying consumer debt],"[2] and "Defendant's transmission of [the plaintiff's] personal information to the [third-party] is an explicit violation of § 1692c(b) of the FDCPA."[3]

16. Given the substantial similarity between the Parties and issues of law and fact in the Related Cases, the Parties agree that consolidation is appropriate and would not result in any confusion of issues or prejudice to any of the Parties. The Parties further agree that consolidation would preserve judicial resources and alleviate the significant burden and costs of litigating the Related Cases separately.

17. WHEREFORE, for the foregoing reasons, the Parties respectfully request that the Court grant this Motion and consolidate the *Ramlochan Case*, the *Ayala Case*, the *Avila Case*, the *Olivas Case*, the *Dieurestil Case*, and the *Rodriguez Case* into the above-captioned case, *i.e.*, the *Yvanes Case*.

Dated: October 15, 2021

---

[1] *See Yvanes Case*, D.E. 1-4 at ¶ 20; the *Ramlochan Case*, D.E. 1-4 at ¶ 20; the *Ayala Case*, D.E. 1-4 at ¶ 22; the *Avila Case*, D.E. 1-4 at ¶ 22; the *Olivas Case*, D.E. 1-4 at ¶ 20; the *Dieurestil Case,* D.E. 1-4 ¶ 20, the *Rodriguez Case,* D.E. 1-4 ¶ 20.

[2] *See Yvanes Case*, D.E. 1-4 at ¶ 20; the *Ramlochan Case*, D.E. 1-4 at ¶ 20; the *Ayala Case*, D.E. 1-4 at ¶ 22; the *Avila Case*, D.E. 1-4 at ¶ 22; the *Olivas Case*, D.E. 1-4 at ¶ 20; the *Dieurestil Case,* D.E. 1-4 ¶ 20, the *Rodriguez Case,* D.E. 1-4 ¶ 20.

[3] *See Yvanes Case*, D.E. 1-4 at ¶ 20; the *Ramlochan Case*, D.E. 1-4 at ¶ 20; the *Ayala Case*, D.E. 1-4 at ¶ 20; the *Avila Case*, D.E. 1-4 at ¶ 20; the *Olivas Case*, D.E. 1-4 at ¶ 20; the *Dieurestil Case,* D.E. 1-4 ¶ 20, the *Rodriguez Case,* D.E. 1-4 ¶ 20.

Respectfully Submitted,

| | |
|---|---|
| /s/ Thomas J. Patti | /s/Jenna M. Williams |
| **JIBRAEL S. HINDI, ESQ.** | **JENNA WILLIAMS, ESQ.** |
| Florida Bar No.: 118259 | 224 Oakland Avenue (29730) |
| E-mail:jibrael@jibraellaw.com | E-mail: jenna.williams@theecholsfirm.com |
| **THOMAS J. PATTI, ESQ.** | P.O. Box 12645 |
| Florida Bar No.: 118377 | Rock Hill, South Carolina |
| E-mail:tom@jibraellaw.com | Phone: 803-329-8976 |
| The Law Offices of Jibrael S. Hindi | |
| 110 SE 6th Street, Suite 1744 | |
| Fort Lauderdale, Florida 33301 | |
| Phone: 954-907-1136 | |
| Fax:    855-529-9540 | |
| | *COUNSEL FOR DEFENSE* |
| *COUNSEL FOR PLAINTIFF* | |